**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grady Hillis, et al., | No. CV-21-08194-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| National Association of Realtors, et al., | |
| Defendants. | |

### I. BACKGROUND

Before the Court are Motions to Dismiss filed by Defendants National Association of Realtors (Doc. 23), Arizona Association of Realtors (Doc. 26), and White Mountain Association of Realtors (Doc. 36), as well as Defendant National Association of Realtors' Motion for Rule 11 Sanctions (Doc. 40) and Defendant White Mountain Association of Realtors' Request for Judicial Notice (Doc. 37).[1]

Plaintiff Grady Hillis is a licensed real estate broker and investor; Plaintiff Grady Hillis Realty is his brokerage and Plaintiff GLH Property Investments LLC is his investment company. (Doc. 11 at 2). On January 25, 2022, Plaintiffs filed a 1,295-page First Amended Complaint ("FAC") alleging 1,013 counts against seven Defendants. Plaintiffs also attached another 938 pages containing 146 exhibits. On February 11, 2022,

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

the Court granted Plaintiffs' Motion (Doc. 16) voluntarily dismissing four of the Defendants, leaving Defendants National Association of Realtors ("NAR"), Arizona Association of Realtors ("AAR"), and White Mountain Association of Realtors ("WMAR"). (Doc. 17). Defendants are trade associations of real estate brokers and agents. (Doc. 11 at 3–5). WMAR is a subsidiary or division of AAR, which is a subsidiary or division of NAR. (Doc. 11 at 4–5).

Plaintiffs allege that "[f]or nearly two decades the Defendants have infringed on the rights and duties as of the Plaintiff(s) as a real estate broker, real estate investor and client of the Defendant(s)." (Doc. 11 at 7). Plaintiffs' claims include scores of counts each of breach of contract, antitrust violations, First Amendment violations, negligence, tortious interference with a contractual relationship, and aiding and abetting tortious conduct. (Doc. 11).

##   II.   LEGAL STANDARD

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, a complaint must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). When a complaint violates Rule 8, it may be dismissed pursuant to Rule 41(b). *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008). Dismissal of a complaint under Rule 8 is appropriate when the "complaint is so verbose, confused, and redundant that its true substance, if any, is well disguised." *Id.* at 1131. (internal quotation marks omitted). Still, "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)." *Id.* Rather, Rule 8 is "violated by a pleading that [is] needlessly long, or a complaint that [is] highly repetitious, or confused, or consist[s] of incomprehensible rambling." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (internal quotation marks omitted).

///

### III. DISCUSSION

Plaintiffs' FAC blatantly violates Rule 8. Initially, the 1,295-page FAC is many times longer than other complaints that have been stricken for failure to make a "short and plain statement" of the claim for relief. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of a 53-page complaint); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a 48-page complaint); *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964) (affirming dismissal of a 55-page complaint); *Martin v. Medtronic, Inc.*, 63 F. Supp. 3d 1050, 1061 (D. Ariz. 2014); *Stephen C. v. Bureau of Indian Educ.*, No. CV-17-08004-PCT-SPL, 2017 WL 11614523, at *1 (D. Ariz. May 8, 2017) (dismissing a 101-page complaint); *Emmons v. Select Portfolio Servicing Inc.*, No. CV-16-00557-TUC-JGZ, 2017 WL 6883690, at *3–4 (D. Ariz. Oct. 6, 2017) (dismissing a 43-page complaint); *see also Cafasso*, 637 F.3d at 1059 ("[A] 733-page pleading prejudices the opposing party and may show bad faith of the movant . . . ."). The Court refuses to allow Plaintiffs to "burden [Defendants] with the onerous task of combing through a [1,295]-page pleading just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Cafasso*, 637 F.3d at 1059.

But the prolixity of the FAC is far from its only flaw under Rule 8. The FAC is also exceedingly redundant. For example, it appears that all of the 1,013 counts include two of the same paragraphs—accounting for a remarkable two-thousand-some of the FAC's 4,662 paragraphs. Likewise, as Defendant WMAR highlights, all of the 89 antitrust counts are identical save for changing the dates, listing number, and corresponding exhibit. (Doc. 36 at 4–5). Surely, Plaintiffs could—and must—condense such allegations to make the pleadings more manageable for the parties and for the Court. *See McHenry*, 84 F.3d at 1179–80.

That is not all. Notwithstanding its length, the FAC altogether fails to give Defendants fair notice of Plaintiffs' claims. A pleading "without simplicity, conciseness and clarity as to *whom* plaintiffs are suing for *what* wrongs[ ] fails to perform the

essential functions of a complaint." *Id.* at 1180 (emphasis added). Here, Plaintiffs allege all 1,013 counts against all of the Defendants—including the four that have since been dismissed—without referring to any specific Defendant's allegedly wrongful actions. Instead, Plaintiffs "lump[ ] together multiple defendants in . . . broad allegation[s]" without "alleging what role each Defendant played in the alleged harm." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (internal quotation marks omitted). That practice "makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations." *Id.* (internal quotation marks omitted).

The Court will illustrate with just one example, although it could perform the same exercise with all 1,013 counts. In Count 81, for aiding and abetting tortious conduct, Plaintiffs allege:

> From September 8, 2019 through July 3, 2020, all or some of the Defendants knew that all or some of them were committing an intentional tort when the Defendants redacted Plaintiff's contact information out of Plaintiffs listing #206495. The Defendants knew that this conduct constituted a breach of duty. And the Defendants substantially assisted or encouraged the primary tortfeasor in the achievement of the breach.

(Doc. 11 at 106). How are NAR, AAR, and WMAR to each individually answer this paragraph when it does not identify which, if any, of them Plaintiff is alleging was the primary tortfeasor and which, if any, of them Plaintiff is alleging was the abettor? The answer is that they cannot. The FAC does not give Defendants fair notice of Plaintiffs' claims against them.

Despite that, Defendants have made valiant efforts to parse the FAC's allegations and argue their insufficiency pursuant to Rule 12(b)(6). Given that the FAC will be dismissed for violating Rule 8 and would require significant amendments in order to go forward, however, the Court will not address the merits at this time.[2] *See Cafasso*, 637

---

[2] Leave to amend a deficient complaint should be freely given "when justice so

4

F.3d at 1059 ("Our district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations."). The Court notes, however, that the verbosity of the FAC appears to mask the reality that it is largely devoid of facts—for example, facts related to the alleged contract that forms the basis of the breach of contract and tortious interference claims—as it largely consists of "labels and conclusions" and "formulaic recitation[s] of the elements" of each count. *Twombly*, 550 U.S. at 555. If Plaintiffs elect to file a second amended complaint, they should take care to review the relevant pleading standards.

The Court also emphasizes that Plaintiffs risk sanctions if the second amended complaint is legally frivolous or factually misleading. Fed. R. Civ. P. 11; *see Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002). At this time, NAR's Motion for Rule 11 Sanctions is premature "as it is too early to determine if . . . [Plaintiff's] claims are frivolous" or lack a factual basis and the Court gives them leave to amend.[3] *See Bassett v. Haw. Disability Rts. Ctr.*, No. CV 18-00475 JMS-KJM, 2019 WL 2236075, at *3 (D. Haw. May 23, 2019). The parties are free to move for sanctions in the future, still, if they believe they are warranted.

///
///
///
///
///
///

---

requires." Fed. R. Civ. P. 15(a)(2). Because the deficiencies are curable, Plaintiffs will be given the opportunity to file a second amended complaint that complies with Rule 8.

Separately, because the Court does not reach Defendants' 12(b)(6) arguments, WMAR's Request for Judicial Notice (Doc. 37) will be denied as moot.

[3] Plaintiffs also make conclusory requests for sanctions against Defendants (Doc. 32 at 18, Doc. 44 at 14), but they did not comply with Rule 11's procedural requirements, *see* Fed. R. Civ. P. 11(c)(2), and regardless, Defendants' Motions to Dismiss were certainly not "unnecessary" or "premature" as Plaintiffs allege. (Doc. 32 at 18, Doc. 44 at 14).

5

**IT IS THEREFORE ORDERED:**

1. That Defendant National Association of Realtors' Motion to Dismiss (Doc. 23), Defendant Arizona Association of Realtors' Motion to Dismiss (Doc. 26), and Defendant White Mountain Association of Realtors' Motion to Dismiss (Doc. 36) are **granted**;

2. That Plaintiffs' First Amended Complaint (Doc. 11) is **dismissed without prejudice** for noncompliance with Rule 8;

3. That Defendant National Association of Realtors' Motion for Rule 11 Sanctions (Doc. 40) is **denied without prejudice**;

4. That Defendant White Mountain Association of Realtors' Request for Judicial Notice (Doc. 37) is **denied as moot**;

5. That Plaintiffs may file a Second Amended Complaint no later **July 20, 2022**; and

6. That if Plaintiffs do not file a Second Amended Complaint by July 20, 2022, the Clerk of Court shall terminate this action.

Dated this 29th day of June, 2022.

Honorable Steven P. Logan
United States District Judge